Reese, J.
delivered the opinion of the court.
The bill alledges, that on the 8th day of November, 1841, the complainant purchased a tract of land of Samuel M. Farrar, containing 160 acres,, and took a deed therefor, which is duly registered and a copy exhibited; that previously to this conveyance the bargainor had purchased the land from the defendant Oliver W. Bridges, had paid him the' consideration therefor, and had obtained a deed duly executed and witnessed, but that the defendant had repossessed himself of the deed and refused to deliver it up to the complainant; and the bill prays that he be compelled to surrender the deed, in order that it may be proved and registered. The answer admits the sale of the land by the defendant to the said Samuel M. Farrar, the payment to the defendant by said Samuel M. of the consideration, the preparation of a deed, its signature and sealing, and the due attestation of witnesses, but denies that any delivery of the deed took place; states that the deed remained in his possession, and that after it had been some time thus in his possession he was told by the bargainor Samuel M. Farrar, that he might retain the possession of the paper to indemnify him for the bargainee’s indebtedness to him, and for defendant’s liabilities for the bargainee, which indebtedness and liabilities are set forth in the answer. The attesting witnesses prove, that one of them was called on to write the deed, and that both witnessed it at the request of the parties, they being both present; and that after witnessing the execution of the instrument, they took their leave, the paper lying on the table; that they understood that the contract of sale had previously taken place, and the deed which they had witnessed was the final consummation of the matter. The testimony of these witnesses does not establish, indeed, any formal or ceremonious delivery: such delivery is not necessary, and does not very often take place. If no condition be annexed, if nothing remains to be performed in order to give effect to the instrument, its signing, sealing and attestation as a valid instrument between the parties, will make it complete and effectual, although the instrument may be left in the possession of the bargainor or grantor.
*413 The defendant, in his answer, when denying the delivery of the deed, must mean merely that no formal or ceremonious act of delivery took place; for the answer does not pretend to al-ledge that the omission of such formal and ceremonious act, or the retention of the instrument by the defendant, at the time, was because of any condition to be performed, or thing to be done, which by the agreement of the parties was necessary in order to render the deed effectual. '
Nothing of this sort is stated. On the contrary, the defendant in his answer, states, that “at the time the paper was written, signed, &c, respondent had no registered deed for the land. It was the purpose of respondent, when he got the deed of conveyance for said land to respondent, to acknowledge the paper writing to convey said land to said Samuel M. before the Clerk of the County Court of Maury and let it be registered also.”
That such was his' purpose as completely, establishes that no act whatever remained to be done to make the execution of the deed valid and effectual, as if he had the candor to state, which was no doubt the fact, that the instrument was left with him by the said Samuel M. for the purpose of being acknowledged by him, and registered.
It could not have been his purpose so to have treated the instrument, if any thing remained to be done on the part of the the - said, Samuel M. to make it valid and effectual; to which,, indeed^ the defendant makes no pretence whatever.
The answer of the defendant, thus explained, as well as the proof of the attesting witnesses, establishes the fact that the deed'in question was properly and sufficiently executed. This being the fact, the subsequent pretended parol mortgage by the said Samuel M. to the defendant, authorizing the latter to retain the instrument for his indemnity, could have no effect, even if proved; but of such an agreement, any more than of the existence of the indebtedness and liabilities which it was to indemnify, there is no proof whatever.
Upon the whole, then, it is very clear that the decree of the Chancellor ought to be affirmed.